900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis James RATTLER, Defendant-Appellant.
 No. 89-5078.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 13, 1989.
Decided: March 26, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, District Judge. (CR-88-119-B)
 Roger T. Smith, Asheville, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dennis James Rattler entered a plea of guilty to breaking and entering a residence on the Cherokee Indian Reservation in Cherokee, North Carolina, within the special territorial jurisdiction of the United States. He now appeals, claiming that at the Rule 11 hearing a proper factual basis was not established and his plea should not have been accepted, because there was no evidence that the court had jurisdiction to hear the case. We have reviewed the transcript of the Rule 11 hearing, and we find no merit to this claim.
 
 
 2
 At the conclusion of the Rule 11 hearing, the district judge found that there was a factual basis for accepting the plea of guilty. The court did not make a specific finding that it had special territorial jurisdiction because the crime was committed on the Cherokee Indian Reservation, but the record is clear that the appellant understood that the house he admitted breaking into was on the Indian reservation and within the special territorial jurisdiction of the United States. The district judge read and explained the indictment to the appellant, and the location of the residence and the jurisdictional basis for the case are contained therein. The appellant was quite familiar with the location of the residence, because it belonged to his mother. The investigating officer also identified the residence as being that of appellant's mother, and the officer was an employee of the Cherokee Police Department.
 
 
 3
 Federal Rule of Criminal Procedure 11(f) provides:
 
 
 4
 Notwithstanding the acceptance of a guilty plea, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
 
 
 5
 The notes of the Advisory Committee on Rules, 1966 Amendment, provide in part:
 
 
 6
 A new sentence is added to the end of the rule to impose a duty on the court in cases where the defendant pleads guilty to satisfy itself that there is a factual basis for the plea before entering judgment. The court shall satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.
 
 
 7
 It is obvious from a review of the record that the district court had before it sufficient evidence of the jurisdiction of the court and the commission of the crime to justify accepting the plea.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED